**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Preserve Petrified Forrest, et al., | No. CV-12-08140-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Richard G. Renzi, et al., | |
| Defendants. | |

Before the Court are motions to dismiss from Defendants James Sandlin and Terry Russell (Doc. 16) and Defendants Richard G. Renzi and Roberta Renzi (Doc. 18). All Defendants argue that the claims are barred by the statute of limitations. Plaintiffs filed a consolidated response to both motions on December 7, 2012 (Doc. 21) and Defendants filed a reply (Doc. 23). No party has requested oral argument. For the reasons that follow, the court will deny the motions to dismiss.

**I.   Background.**

Plaintiffs bring claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et. seq. They claim that on May 5, 2005, American Land Holdings, LLC agreed to purchase 480 acres of property from Defendants Sandlin and Russell for $4.5 million dollars, a price which allegedly was grossly inflated. Doc. 21 at 2. Plaintiffs maintain that the land was sold at the inflated price "through a pattern of racketeering activity involving extortion, honest services wire fraud, money laundering, and various monetary transactions involving criminally derived property." Doc. 21 at 2. Two defendants, Renzi and Sandlin, were indicted for their conduct related

to Plaintiffs' claims on February 21, 2008, and are still awaiting trial. Doc. 1 ¶¶ 207, 212. Defendants argue that Plaintiff's civil RICO claims are barred by the statute of limitations.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "[T]he statute of limitations defense. . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). However, even if the relevant dates alleged in the complaint are beyond the statutory period, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995); *see Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

## III. Analysis.

In *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 146 (1987) ("*Malley-Duff*"), the Supreme Court borrowed the four-year statute of limitations from the Clayton Act, 15 U.S.C. § 15, and applied it to the RICO civil enforcement provision because RICO did not provide an express statute of limitations. The Supreme Court borrowed the limitations period from the Clayton Act because it offered "the closest analogy to civil RICO" – both statues are "designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees." *Malley-Duff*, 483 U.S. at 150-51.

In RICO cases, the statute of limitations begins to run when the plaintiff discovers his injury. *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996). Defendants argue that Plaintiffs must have discovered their injury no later than one of three dates: the closing

date of the property sale (October, 7, 2005), the day the last predicate act was committed (November 18, 2005), or the day the original indictment was returned against Renzi and Sandlin (February 21, 2008).  Each of these dates falls more than four years before the date when Plaintiffs filed this suit.

Plaintiffs do not contest the date on which they discovered the injury, but rather argue that the statute of limitations should be tolled because Defendants were indicted in a parallel prosecution initiated before the four-year statute had run.  The Clayton Act, from which the Supreme Court borrowed the four-year statute of limitations, contains a provision that suspends the running of a statute of limitations on a private right of action during the pendency of a criminal proceeding instituted by the United States and for one year thereafter if the private right of action is based in whole or in part on any matter complained of in the criminal proceeding.  15 U.S.C. § 16(i).  Plaintiffs argue that borrowing the four-year statute of limitations from the Clayton Act should require courts to borrow tolling provisions which Plaintiffs view as part and parcel of the statute of limitations.

Few federal courts have addressed this issue, and it appears that no Ninth Circuit court has ever had occasion to do so.  Two district courts outside the Ninth Circuit have considered the question, reaching different conclusions.

In *Pension Fund-Mid-Jersey Trucking Indus. v. Omni Funding Group*, 687 F. Supp. 962 (D.N.J. 1988), the court applied the Clayton Act's tolling provision to a RICO civil enforcement claim, finding that there was a "clear line of authority which requires that where a statue of limitations is borrowed, the tolling and suspension provisions which are part of that statute must likewise be applied." *Id.* at 964.  The district court noted that the purpose of the tolling provision in the Clayton Act was to allow private plaintiffs to benefit from the Government's prior litigation and that a similar purpose could be served in the RICO civil enforcement context. *Id*. at 964-65.  Ultimately, the court concluded that the tolling provisions and the statute of limitations were "inextricably intertwined" and that similarities that justified borrowing the statute of

limitations from the Clayton Act also justified borrowing the tolling provision that modified the statute of limitations. *Id.*

The district court in *Kerman v. Chenery Associates, Inc.*, No.3:06CV-338-S, 2011 WL 1106736 (W.D. Ky. Mar. 23, 2011), reached the opposite conclusion, finding that "the existence of an on-going criminal prosecution does not toll the running of the limitations period with respect to . . . RICO claims." *Id.* at *3. The court noted that the holding in *Pension Fund* had not been followed by any other court (though it did not cite any cases where the issue had been presented), and declined to follow it "[i]n the absence of any binding authority." *Id.* The court also noted that even if borrowed, the tolling provision would not apply because the four-year statute had run before the parallel criminal action was initiated. *Id.* at *4.

In *Malley-Duff*, the Supreme Court did not address the applicability of 15 U.S.C. § 16(i)'s tolling provision to RICO civil enforcement claims. With regard to statutes of limitations generally, the Supreme Court has held that "[a]ny period of limitation . . . is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463 (1975). Furthermore, in the context of borrowing state statutes of limitations to govern federal causes of action, the Supreme Court has held that, "In virtually all statutes of limitations the chronological length for the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue." *Hardin v. Straub*, 490 U.S. 536 (1989). At least one commentator has recommended that federal courts apply 15 U.S.C. § 16(i) to RICO civil enforcement claims. Carli McNeill, Note, *Seeing the Forest: A Holistic View of the Rico Statute of Limitations*, 85 Notre Dame L. Rev. 1231, 1260 (2010). Justice Scalia has also recommended that when courts adopt an analogous claim's statute of limitations they should adopt it "whole, with all its accoutrements." *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 196 (1997) (Scalia, J, concurring in part and concurring in the

judgment).

The Court concludes that the tolling provision in 15 U.S.C. § 16(i) applies to the RICO civil enforcement provisions. The Supreme Court did not arbitrarily select the Clayton Act's statute of limitations for RICO civil enforcement cases; it chose the statutory scheme most similar to RICO claims. The Court found that the Clayton Act and RICO both are "designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees." *Malley-Duff*, 483 U.S. at 150-51. If the similarity of the statutes provides a basis for adopting the Clayton Act's limitations period, it also provides a basis for adopting the tolling provision that is an integral part of that limitations period. Defendants have identified no distinction between Clayton Act and RICO violations that would suggest the tolling provision is suited only to Clayton Act remedies. The provision was designed by Congress to afford private litigants the benefits of prior government litigation, thereby conserving judicial resources. S. Rep. No. 84-6192, *reprinted in* 1955 U.S.C.C.A.N. 2328, 2332. That rationale applies equally well to RICO civil enforcement actions. The Court will not unravel interrelated "accoutrements" by applying the chronological length of the limitations period while ignoring statutory provisions clearly designed to alter that length.

Because the tolling provision applies, the Court finds that the statute of limitations was tolled as of February 21, 2008, the date of Defendant's indictment. Even if the injury was discovered on the date of the sale, May 5, 2005, the statute of limitations had not run by February 21, 2008.

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 16, 18) are **denied.**

Dated this 12th day of February, 2013.

_____
David G. Campbell
United States District Judge